**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10572 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00440-MMC |
| v. | |
| VICTOR SANTOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Victor Santos appeals from the district court's judgment and challenges the

97-month sentence imposed following his jury-trial conviction for being a felon in

possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1);

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Santos's request for oral argument is denied.

unlawful transfer of a firearm, in violation of 26 U.S.C. § 5861(e); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession of marijuana, in violation of 21 U.S.C. § 844; and unlawful trafficking in firearms, in violation of 18 U.S.C. § 922(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Santos contends that the district court erred by denying him a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). He argues that he demonstrated acceptance of responsibility because he offered to plead nolo contendere to some of the gun charges before trial, and expressed remorse for that conduct in his post-trial statements. We review the district court's factual finding about whether a defendant has accepted responsibility for clear error. *See United States v. Cantrell*, 433 F.3d 1269, 1284 (9th Cir. 2006).

Notwithstanding Santos's offer to plead nolo contendere and his post-trial statements, the district court did not clearly err in denying the adjustment because Santos never admitted to the conduct underlying his drug conviction and never expressed remorse or contrition for that conduct. *See* U.S.S.G. § 3E1.1 cmt. n.1(A); *United States v. Nielson*, 371 F.3d 574, 582-83 (9th Cir. 2004).

**AFFIRMED.**